UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 16-01294-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Deanna Wright[1] ("Plaintiff") challenges the Commissioner's[2] denial of her application for disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

---

[1] At the time of the hearing, Plaintiff was known as Deanna Lynn McEachern. (Administrative Record ("AR") 39.)

[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill, the current Acting Commissioner of Social Security, is hereby substituted as the defendant herein.

## II. PROCEEDINGS BELOW

On September 12, 2013, Plaintiff protectively filed a Title II application for DIB alleging disability beginning December 29, 2012. (AR 22, 77.) Her application was denied on November 14, 2013. (AR 88.) Thereafter, Plaintiff filed a written request for hearing, and a hearing was held on October 22, 2014. (AR 96-97, 37.) Represented by counsel, Plaintiff appeared and testified, along with an impartial medical expert and an impartial vocational expert. (AR 37-76.) On January 14, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[3] since December 29, 2012. (AR 32.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1-7.) Plaintiff filed this action on July 12, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 24.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: bilateral carpal tunnel syndrome, status post release surgeries, left cervical radiculopathy, degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the bilateral knees, obesity, hypertension, rheumatoid arthritis, lumbar spondylosis, and fibromyalgia. (AR 24.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 26.)

/ / /

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work with the following additional limitations:

> [T]he claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for four hours out of an eight-hour workday with normal breaks; she can sit for six hours out of an eight-hour workday with normal breaks; she can occasionally use the upper extremities for pushing or pulling; she can occasionally use the lower extremities for operating foot controls; she can occasionally climb stairs, bend, balance, and stoop; she cannot climb ladders, ropes and scaffolds; she cannot kneel, crouch, crawl, or work at unprotected heights; she is precluded from work above shoulder level with both upper extremities; and the claimant is limited to frequent but not constant gross and fine manipulations with both upper extremities.

(AR 26.)

At **step four**, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 30-31.) At **step five**, based on Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ found that Plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. (AR 31-32.) Accordingly, the ALJ found that Plaintiff was not disabled. (AR 32.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends that the ALJ: (1) erred in the RFC determination because Plaintiff should have been found limited to only occasional use of her hands; (2) erred in assessing Plaintiff's testimony regarding her pain and limitations; (3) erred in relying on the VE's testimony at step five because the VE's testimony conflicted with the Dictionary of Occupational Titles; (4) erred at step five because the ALJ did not properly find other jobs with transferable skills; and (5) erred in failing to consider the third-party statement of Plaintiff's mother. (Joint Submission ("JS") 3-7, 10-20, 27-35, 37-47.) The Commissioner contends that the RFC is supported by substantial evidence, the ALJ properly assessed Plaintiff's subjective statements, the ALJ did not err at step five because she properly relied on the VE's testimony

4

and properly found other jobs with transferable skills, and the ALJ properly considered the third-party statement of Plaintiff's mother. (JS 7-10, 20-27, 35-37, 41-42, 45-46.) For the reasons below, the Court agrees with Plaintiff on the issue of subjective symptom testimony and remands on that ground.

### A. The ALJ Erred in Discounting Plaintiff's Testimony Regarding her Subjective Symptoms

Plaintiff argues that the ALJ erred in discrediting her subjective symptom testimony. (JS 14-20, 27-30.) The Commissioner argues that the ALJ's reasons for discrediting Plaintiff's claims of disabling symptoms were specific and legally valid. (JS 21-25.)

#### 1. *Plaintiff's Testimony*

At the administrative hearing, Plaintiff testified that she had been disabled since December 2012 due to pain in her feet, knees, and hands that made getting up and down and walking difficult. (AR 42-43.) She testified that currently, she still has difficulty getting up and down, she cannot stand for very long and "[t]hat's why I have my walker," she cannot do much with her hands due to carpal tunnel, she has problems with her shoulders and hips, and her "pain is just tremendous" in the morning. (AR 45.) She testified that she is "usually up all night" and gets up at night to take pain medications. (AR 47.)

Plaintiff testified that she could sit for five to ten minutes at a time and "am constantly fidgeting;" could not stand in one place without a walker for 20 minutes; and could not walk 15 minutes, even with a walker, and would have to sit down and rest. (AR 56.) She also lies down during the day for an hour or two, and dozes in a reclining position about three to four hours per day. (AR 57-58.) On bad days, she cannot get out of the recliner and she needs help to go to the bathroom and do simple things. (AR 58-59.) She has about eight to nine bad days per month. (AR 59.) She usually spends her day trying to get out of bed, taking medication so she can get out of bed, sitting in her chair until she can attempt to shower, and going to

doctor appointments or running errands if she can. (AR 64-65.) She has been using a walker since February 2013. (AR 57.)

Plaintiff testified that she can do laundry with a little basket with wheels, "somewhat" keeps her room up, does a lot of research on her Kindle Fire regarding her conditions, watches movies on the television, and has friends or relatives come visit her every other month. (AR 48.)

Plaintiff testified that her medication causes side effects of tiredness, foggy brain, and memory problems. (AR 61.) She takes an anti-depressant because "all day long I just kind of sit because I'm in so much pain it's depressing." (AR 63.)

### 2. *Applicable Legal Standards*

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id.* The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 3. *Discussion*

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that Plaintiff's "statements concerning the intensity,

persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 28.) Although it is not entirely clear on what ground(s) the ALJ discounts Plaintiff's subjective symptom testimony, the ALJ appears to rely on the sole reason that "the objective medical evidence does not support the alleged severity of symptoms." (AR 30.) No malingering allegation was made, and therefore, the ALJ's reasons must be "clear and convincing."

The Commissioner argues that the ALJ gave four specific and legally valid reasons to discredit Plaintiff's claims of disabling symptoms: (1) "the preponderance of the evidence does not support the severely limited functioning [Plaintiff] described;" (2) greater weight was given to "the opinions and observations of acceptable medical sources;" (3) the "lack of a longitudinal mental health treatment record" undermined Plaintiff's claims of disabling depression, anxiety and memory problems; and (4) Plaintiff's claims were inconsistent with her acknowledged daily activities. (JS 21-27.) As Plaintiff argues, however, none of these reasons is clear and convincing. (JS 27-30.) When the ALJ noted the preponderance of the evidence not supporting the described limited functioning, the ALJ was referring to the lack of objective support for the third-party statement, not Plaintiff's testimony. (AR 27.) Furthermore, the ALJ never articulated that she rejected Plaintiff's subjective symptom testimony based upon the medical opinions or Plaintiff's activities of daily living. Regarding the lack of a longitudinal mental health treatment record, Plaintiff avers that she did not make a claim regarding mental impairment, and any reliance on lack of a mental health treatment record is irrelevant. (JS at 28.)

At most, the ALJ appears to rely on the lack of supporting objective evidence to discount Plaintiff's testimony, citing medical findings and opinions and concluding that "the objective record does not show findings consistent with the sedentary level of functioning [Plaintiff] has alleged." (AR 28-30.) "[A]n ALJ's

'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific finding in support' of that conclusion, is insufficient." *Treichler*, 775 F.3d at 1103 (citation omitted). The "ALJ must identify the testimony that was not [consistent], and specify 'what evidence undermines the claimant's complaints.'" *Id.* (citation omitted); *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Here, the ALJ did neither. Even assuming she did, the lack of supporting objective medical evidence cannot form the sole basis for discounting pain testimony. *See Trevizo v. Berryhill,* 871 F.3d 664, 679 (9th Cir. 2017), as amended Sept. 14, 2017 ("[A]n ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence.'") (citation omitted); *Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony. Accordingly, remand is warranted on this issue.

**B.     The Court Declines to Address Plaintiff's Remaining Arguments**

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments regarding the RFC assessment, the step five finding, and the third-party statement. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

/ / /

/ / /

## C. Remand for Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter*, 806 F.3d at 495 (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptom testimony.

On remand, the ALJ shall reassess Plaintiff's subjective allegations in light of SSR 16-3p – Evaluation of Symptoms in Disability Claims, 2016 WL 1119029 (Mar. 16, 2016), which would apply upon remand. The ALJ shall then reassess the third-party statement and Plaintiff's RFC in light of the reassessment of Plaintiff's subjective allegations and proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 15, 2017

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**